

# SUPREME COURT OF MISSOURI
## en banc

DAVID KEHLENBRINK and )   *Opinion issued June 25, 2019*
JILL KEHLENBRINK,        )
                         )
        Respondents,  )
                         )
v.                       )   No.  SC97287
                         )
DIRECTOR OF REVENUE,     )
                         )
        Appellant.     )

PETITION FOR REVIEW OF A DECISION
OF THE ADMINISTRATIVE HEARING COMMISSION
The Honorable Sreenivasa Rao Dandamudi, Commissioner

The director of the department of revenue appeals a decision of the administrative hearing commission ("AHC") reversing the director's denial of an application for a sales tax refund.  The director asserts the AHC erroneously ruled David and Jill Kehlenbrink were entitled to a refund of all the sales tax they paid after their purchase of a new vehicle. Specifically, the director claims that, in calculating the sales tax owed on the Kehlenbrinks' newly purchased vehicle, the plain language of section 144.025.1[1] unambiguously allows

---

[1] All statutory citations are to RSMo 2016, unless otherwise noted.

the Kehlenbrinks to credit the sale proceeds of only one vehicle against the purchase price of the new vehicle.

Section 144.025.1 unambiguously permits the sale proceeds of only one vehicle as a credit against the purchase price of a new vehicle for purposes of calculating sales tax. The AHC erroneously decided the Kehlenbrinks were entitled to a refund of all the sales tax they paid because it mistakenly allowed credit for four vehicles the Kehlenbrinks sold within 180 days of their purchase of a new vehicle. The AHC's decision is reversed, and the case is remanded.

## Factual and Procedural Background

On February 26, 2017, the Kehlenbrinks sold a 2006 Ford truck for $10,500. Two weeks later, the Kehlenbrinks sold a 2000 Kawasaki motorcycle for $3,900. On March 14, the Kehlenbrinks purchased a 2016 Dodge truck for $27,495. The Kehlenbrinks titled the Dodge truck on March 31 at an independently owned St. Louis County license fee office.[2] When titling the Dodge truck, the Kehlenbrinks were permitted to credit $14,400 from the sales of the Ford and Kawasaki to reduce the sales tax due on the Dodge truck. Sales tax was assessed on the resulting net purchase price of $13,095, and the Kehlenbrinks paid $1,095 in state and local sales taxes.

The Kehlenbrinks subsequently sold a 2008 Jeep for $5,200 on May 9 and a 2013 Hyundai for $8,400 on June 5. The dates of sale of all four vehicles – the Ford, the Kawasaki, the Jeep, and the Hyundai – were within 180 days of the March 14, 2017,

---

[2] Although the license fee office is independently owned, the office and its employees are authorized to collect taxes and title vehicles on behalf of the director.

purchase date of the Dodge truck. Devon Knupp, an employee of the license fee office who assisted the Kehlenbrinks on all relevant occasions, informed the Kehlenbrinks they were permitted to credit the proceeds from the sales of the Jeep and Hyundai against the prior purchase price of the Dodge.

On June 6, the Kehlenbrinks applied for a refund of sales tax paid on the titling of the Dodge. This application for refund was based on the additional credit of $13,600 derived from the sale of the Jeep and Hyundai. With this additional credit, the total credit from all four vehicles exceeded the purchase price of the Dodge. On July 17, the director denied the Kehlenbrinks' application for a sales tax refund. The Kehlenbrinks appealed to the AHC challenging the final decision of the director.[3]

After a hearing, the AHC found section 144.025.1 to be ambiguous and construed it to give credit for the sales of multiple vehicles against the purchase price of a new vehicle in computing sales tax owed. It reversed the director's denial and awarded the Kehlenbrinks a refund of all sales tax paid, plus interest at the statutory rate.

The director appeals the decision of the AHC. This Court has jurisdiction because the case involves construction of a state revenue law. Mo. Const. art. V, sec. 3; *McDonnell Douglas Corp. v. Dir. of Revenue*, 945 S.W.2d 437, 439 (Mo. banc 1997).

**Standard of Review**

Pursuant to article V, section 18 of the Missouri Constitution, this Court reviews the AHC's decision to determine if it is "authorized by law, and in cases in which a hearing is

---

[3] The AHC has jurisdiction over appeals from the director's final decisions under section 621.050.1.

3

required by law, whether the same [is] supported by competent and substantial evidence upon the whole record." "The AHC's interpretation of revenue laws is reviewed de novo." *Loren Cook Co. v. Dir. of Revenue*, 414 S.W.3d 451, 453 (Mo. banc 2013).

## Section 144.025.1 Unambiguously Limits Credit to One Vehicle

The director claims the AHC erred in concluding the Kehlenbrinks were entitled to credit the proceeds from the sales of four vehicles against the purchase price of a single newly purchased vehicle because section 144.025.1 unambiguously allows credit for the sale of only one vehicle.[4] "The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *State ex rel. Young v. Wood*, 254 S.W.3d 871, 872-73 (Mo. banc 2008). Words in a statute are not read in isolation but, rather, are read in the context of the statute to determine their plain and ordinary meaning. *Union Elec. Co. v. Dir. of Revenue*, 425 S.W.3d 118, 122 (Mo. banc 2014). A statute's language is "clear and unambiguous" if "the statute's terms are plain and clear to one of ordinary intelligence." *Wolff Shoe Co. v. Dir. of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). The rules of statutory construction do not apply if the statute is unambiguous. *Kerperien v. Lumberman's Mut. Cas. Co.*, 100 S.W.3d 778, 781 (Mo. banc 2003).

Section 144.025.1 provides:

[(1)] Notwithstanding any other provisions of law to the contrary, in any retail sale other than retail sales governed by subsections 4 and 5 of this section, where any article on which sales or use tax has been paid, credited,

---

[4] The director makes multiple claims of error in the AHC decision. His claim that section 144.025.1 unambiguously allows a taxpayer to credit only one sale against the purchase price of a new vehicle is addressed first because it is meritorious.

4

or otherwise satisfied or which was exempted or excluded from sales or use tax is taken in trade as a credit or part payment on the purchase price of the article being sold, the tax imposed by sections 144.020 and 144.440 shall be computed only on that portion of the purchase price which exceeds the actual allowance made for the article traded in or exchanged, if there is a bill of sale or other record showing the actual allowance made for the article traded in or exchanged. [(2)] Where the purchaser of a motor vehicle, trailer, boat or outboard motor receives a rebate from the seller or manufacturer, the tax imposed by sections 144.020 and 144.440 shall be computed only on that portion of the purchase price which exceeds the amount of the rebate, if there is a bill of sale or other record showing the actual rebate given by the seller or manufacturer. [(3)] Where the trade-in or exchange allowance plus any applicable rebate exceeds the purchase price of the purchased article there shall be no sales or use tax owed. [(4)] This section shall also apply to *motor vehicles, trailers, boats, and outboard motors sold* by the owner or holder of the properly assigned certificate of ownership if the seller purchases or contracts to purchase a subsequent motor vehicle, trailer, boat, or outboard motor within one hundred eighty days before or after the date of the sale of *the original article* and *a bill of sale* showing the paid sale price is presented to the department of revenue at the time of licensing. [(5)] A copy of *the bill of sale* shall be left with the licensing office. [(6)] Where the subsequent motor vehicle, trailer, boat, or outboard motor is titled more than one hundred eighty days after *the sale of the original motor vehicle, trailer, boat, or outboard motor*, the allowance pursuant to this section shall be made if the person titling such article establishes that the purchase or contract to purchase was finalized prior to the expiration of the one hundred eighty-day period.

(Emphasis added).

Although the director acknowledges the fourth sentence of section 144.025.1 refers to "motor vehicles, trailers, boats, and outboard motors sold," he asserts the singular reference to "the original article" and "a bill of sale" in the remainder of the fourth sentence and the singular reference to "the bill of sale" and "the sale of the original motor vehicle, trailer, boat, or outboard motor" in the fifth and sixth sentences, respectively, show the legislature's clear intention to permit credit for only one vehicle sold against the purchase price of "a subsequent motor vehicle, trailer, boat, or outboard motor." The Kehlenbrinks

5

argue, in contrast, that the legislature would have used in the fourth sentence the singular for "motor vehicle, trailer, boat, or outboard motor" to refer to a vehicle sold if it wanted to limit the number of vehicles credited against the purchased vehicle to one. They further note the legislature used the singular terms elsewhere in the statute to refer to a vehicle purchased.

The fourth, fifth, and sixth sentences of section 144.025.1 govern the giving of a credit for a qualifying sale that occurs within 180 days of a subsequent purchase of a new vehicle, and they reference the sale of such item five times, as indicated in italics. Four of five references are to the singular. The plural is used only once in the fourth sentence. There, the plural of "motor vehicles, trailers, boats, and outboard motors" is used to identify the types of items for which the proceeds of a sale are eligible for a credit. The other four times, the singular is used to reference a singular sale of a motor vehicle, trailer, boat, or outboard motor or a singular bill of sale.[5] While the use of the plural phrase "motor vehicles, trailers, boats, and outboard motors" in the fourth sentence, viewed in isolation, raises a question of the legislature's intent, the entirety of the fourth, fifth and sixth sentences in section 144.025.1 answers that question. By referencing only a single item or

---

[5] The legislature's use of the definite article "the" and the indefinite article "a" indicates the legislature intended only a singular object. *See, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent . . . ."); *State v. Campbell*, 109 S.W. 706, 712 (Mo. 1908), *overruled on other grounds by State v. Adkins*, 225 S.W. 981 (Mo. 1920) ("['The'] is used before nouns with a specifying or particularizing effect."); *State v. Nichols*, 865 S.W.2d 435, 437 (Mo. App. 1993) ("The plain and ordinary meaning of the word 'a' is the singular 'one.'").

a single sale when describing the act for which a credit is given, the legislature plainly and clearly intended credit be given for only one sale.

The Kehlenbrinks further argue the AHC found different language in section 144.025.1 to be ambiguous. Particularly, the AHC found section 144.025.1 to be ambiguous because the fourth sentence uses the word "subsequent" when referencing the newly purchased vehicle and then states the sale of a previously owned vehicle must be made "within one hundred eighty days before or after" the purchase of a new vehicle. This sentence may not be a model of drafting but it is sufficiently clear the legislature intended to give credit for a vehicle sold before or after the purchase of the new vehicle so long as the sale occurs within 180 days of the purchase of the new vehicle. Additionally, any question as to when the sale of a previously owned vehicle must occur is not an ambiguity as to the number of vehicles sold for which credit is given.[6]

Accordingly, section 144.025.1 unambiguously allows a taxpayer to credit only one vehicle sold against the purchase price of a new vehicle. Because the statute is unambiguous, the AHC erred in considering matters beyond the language of the statute to find the statute was ambiguous and construe its meaning. *Kerperien*, 100 S.W.3d at 781.

---

[6] In its finding that section 144.025.1 was ambiguous, the AHC mistakenly considered three other factors: (1) an agent of the director, Mr. Knupp, and the director differed in their interpretations of the statute; (2) the director allowed the Kehlenbrinks to credit the proceeds from the sales of two vehicles when they initially paid sales tax; (3) and a regulation, 12 C.S.R. 10-103.350(3)(G), provides the sale proceeds of more than one vehicle may be credited against the purchase price of another vehicle.

7

## Conclusion

Section 144.025.1 unambiguously permits the sale proceeds of only one vehicle to reduce the purchase price of a newly purchased vehicle for purposes of calculating sales tax. The AHC erred in deciding the Kehlenbrinks were entitled to a refund of sales tax paid because it mistakenly allowed credit for four vehicles the Kehlenbrinks sold within 180 days of their purchase of a new vehicle. The AHC's decision is reversed, and the case remanded.

 

_____

PATRICIA BRECKENRIDGE, JUDGE

All concur.