

# Missouri Court of Appeals

## Southern District

### In Division

VIRGEL BIRD (DECEASED)  )
KAREN BIRD,  )
  )
    Appellant,  )  No. SD37966
  )
v.  )  **Filed: December 5, 2023**
  )
US ASSETS RECOVERY LLC,  )
  )
    Respondent.  )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

**<u>AFFIRMED</u>**

The sole issue in this case is whether Karen Bird ("Bird"), the ex-spouse of Virgel Bird ("Ex-Husband"), is a "dependent" under section 287.240.[1] Bird is disabled, unemployed, and receives Social Security Disability benefits. Bird and Ex-Husband were married in 1987 and divorced in 2019. After the divorce, Bird and Ex-Husband continued to live together until Ex-Husband died on June 8, 2021, in an accident arising out of and in the course of his employment for US Assets Recovery, LLC ("Employer"). While Bird and Ex-Husband lived together after their divorce, the two maintained a

---

[1] All statutory references are to RSMo Cum. Supp. (2019).

joint bank account from which their bills were paid. Bird never deposited any money into that account, and Ex-Husband paid the bills.

Following Ex-Husband's death, Bird filed a claim for death benefits, alleging she was a dependent of Ex-Husband under section 287.240. The Commission denied Bird's petition for death benefits. Bird timely appealed the decision of the Commission. In a single point, Bird argues she is a dependent under section 287.240. Because Bird does not qualify as a "dependent" under section 287.240, we affirm.

**Standard of Review**

This Court reviews "the Commission's decision to determine if it is 'supported by competent and substantial evidence upon the whole record.'" ***Lexow v. Boeing Co.***, 643 S.W.3d 501, 504 (Mo. banc 2022) (quoting Mo. Const. art. V, sec. 18)). Questions of statutory interpretation are subject to *de novo* review. ***Id.*** "[A]ny reviewing courts shall construe the provisions of this chapter strictly." § 287.800. "When interpreting statutes, this Court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible." ***Treasurer of State v. Parker***, 622 S.W.3d 178, 181 (Mo. banc 2021) (quoting ***Cosby v. Treasurer of State***, 579 S.W.3d 202, 206 (Mo. banc 2019)).

**Discussion**

Bird argues she is a "dependent" under section 287.240(3) because the 2017 amendment to the statute eliminated the requirement that a dependent be a relative by blood or marriage. This argument has no merit because it ignores the clear and unambiguous language of section 287.240. "If the intent of the legislature is clear and unambiguous, by giving the language used in the statute its plain and ordinary meaning, then [this Court is] bound by that intent and cannot resort to any statutory construction

in interpreting the statute." ***Peters v. Wady Indus., Inc.***, 489 S.W.3d 784, 789 (Mo. banc 2016) (quoting ***Howard v. City of Kansas City***, 332 S.W.3d 772, 787 (Mo. banc 2011)). "In determining whether the language is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence." ***Wolff Shoe Co. v. Director of Rev.***, 762 S.W.2d 29, 31 (Mo. banc 1988).

> Under section 287.240(3), a "dependent" is:
>
> (a) A wife upon a husband with whom she lives or who is legally liable for her support, and a husband upon a wife with whom he lives or who is legally liable for his support; provided that on the death or remarriage of a widow or widower, the death benefit shall cease unless there be other dependents entitled to any death benefits under this chapter. . . .
>
> (b) A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, including any stepchild claimable by the deceased on his or her federal tax return at the time of injury, under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the parent legally liable for the support or with whom he, she, or they are living at the time of the death of the parent. In case there is a wife or a husband mentally or physically incapacitated from wage earning, dependent upon a wife or husband, and a child or more than one child thus dependent, the death benefit shall be divided among them in such proportion as may be determined by the commission after considering their ages and other facts bearing on the dependency. **In all other cases questions of the degree of dependency** shall be determined in accordance with the facts at the time of the injury, and in such other cases if there is more than one person wholly dependent the death benefit shall be divided equally among them.

§ 287.240 (3)(a)-(b) (emphasis added).

According to Bird, the "[i]n all other cases" language creates a catch-all condition for *all* cases where a person is dependent upon the decedent. Bird's argument has no merit because she reads this clause in isolation, ignoring the sentences before it and the clause that follows it. "Words in a statute are not read in isolation but, rather, are read

in the context of the statute to determine their plain and ordinary meaning."

***Kehlenbrink v. Director. of Rev.***, 577 S.W.3d 798, 800 (Mo. banc 2019).

Here, the phrase "in all other cases" refers to cases where the *degree of dependency* between a child or spouse and the decedent is not outlined in the previous sentences.  It does not create a new category of dependents. Paragraphs (a) and (b) state two possible classes of dependent:  children and spouses.  Paragraph (b), the paragraph Bird refers us to, describes the conditions in which children may qualify as a dependent. The sentence before the "in all other cases" phrase describes how the Commission is to divide death benefits between a dependent incapacitated spouse *and* dependent children.  § 287.240 (3)(b).  It is followed by the portion of the statute Bird relies on, which says:

> **In all other cases questions of the degree of dependency** shall be determined in accordance with the facts at the time of the injury, and in such other cases if there is more than one person wholly dependent the death benefit shall be divided equally among them.

***Id.*** (emphasis added).

The "in all other cases" sentence describes *how* to determine the degree of dependency and *how* to divide death benefits in cases other than those involving a dependent incapacitated spouse and dependent children.  It says nothing about creating a new class of dependents.  The statute, read in its entirety, cannot be reasonably interpreted to create a catch-all category of dependents.  The language of section 287.240(3) is clear and unambiguous.[2]  Bird does not qualify as a dependent under

---

[2] For that reason, we need not and cannot look to the statute's legislative history to determine the legislative intent.  *See **Peters***, 489 S.W.3d at 789.

4

section 287.240(3). The Commission did not err in denying Bird's claim for benefits. Point 1 is denied.

## Conclusion

The Commission's decision is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS